IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
LUBBOCK DIVISION

SECURITIES AND EXCHANGE COMMISSION,

Plaintiff,  09-MC-0028

vs.  5=09CV0087-C

Civil Action No. _____

BENNY L. JUDAH and
EXCEL LEASE FUND, INC.

Defendants.

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED
APR 21 2009
CLERK, U.S. DISTRICT COURT
By _____ Deputy

A TRUE COPY ATTEST
KAREN S. MITCHELL, CLERK
By s/ KRISTY WEINHEIMER
DEPUTY CLERK
U.S. DISTRICT COURT NORTHERN
DISTRICT OF TEXAS

**AGREED ORDER APPOINTING RECEIVER**    DATE: APRIL 29, 2009

This matter came before me, the undersigned United States District Judge, this 21st day of April 2009, on the application of Plaintiff Securities and Exchange Commission ("Commission") for the appointment of a Receiver for Defendants Benny L. Judah and Excel Lease Fund, Inc. ("Defendants"). In contemplation of the eventual return of assets to investors harmed by the misconduct alleged in the Complaint, it appears that this Order Appointing Receiver for Defendants is both necessary and appropriate to marshal, conserve, hold and, where necessary, operate their assets pending further order of the Court.

IT IS THEREFORE ORDERED that:

1. This Court assumes exclusive jurisdiction and takes possession of the assets, monies, securities, properties, real and personal, tangible and intangible, of whatever kind and description, wherever located, and the legally recognized privileges (with regard to the entities), of the Defendants and all entities they own or control ("Receivership Assets"), and the books and records, client lists, account statements, financial and accounting documents, computers,

computer hard drives, computer disks, internet exchange servers telephones, personal digital devices and other informational resources of or in possession of the Defendants, or issued by Defendants and in possession of any agent or employee of the Defendants ("Receivership Records").

2. Fernando M. Bustos, Esq., of the law firm McCleskey, Harriger, Brazill & Graf LLP (P.O. Box 6170 Lubbock, Texas 79493; telephone (806) 796-7300) is hereby appointed Receiver for the Receivership Assets and Receivership Records (collectively, "Receivership Estate"), with the full power of an equity receiver under common law as well as such powers as are enumerated herein as of the date of this Order. Within five days hereof, the Receiver shall file with the Clerk of this Court a bond in the sum of $10,000, without need for sureties approved by the Court, to assure his conscientious performance of the duties and responsibilities imposed by this Order.

3. The duties of the Receiver shall be specifically limited to matters relating to the Receivership Estate and unsettled claims thereof remaining in the possession of the Receiver as of the date of this Order. Nothing in this Order shall be construed to require further investigation of Receivership Estate assets heretofore liquidated and/or distributed or claims of the Receivership Estate settled prior to issuance of this Order. However, this paragraph shall not be construed to limit the powers of the Receiver in any regard with respect to transactions that may have occurred prior to the date of this Order.

4. Until the expiration date of this Order or further Order of this Court, Receiver is authorized to immediately take and have complete and exclusive control, possession, and custody of the Receivership Estate and to any assets traceable to assets owned by the Receivership Estate.

5. As of the entry of this Order, the Receiver is specifically directed and authorized to perform the following duties:

(a) Maintain full control of the Receivership Estate with the power to retain or remove, as the Receiver deems necessary or advisable, any officer, director, independent contractor, employee, or agent of the Receivership Estate;

(b) Collect, marshal, and take custody, control, and possession of all the funds, accounts, mail, and other assets of, or in the possession or under the control of, the Receivership Estate, or assets traceable to assets owned or controlled by the Receivership Estate, wherever situated, the income and profit therefrom and all sums of money now or hereafter due or owing to the Receivership Estate with full power to collect, receive, and take possession of, without limitation, all goods, chattel, rights, credits, monies, effects, lands, leases, books and records, work papers, records of account, including computer maintained information, contracts, financial records, monies on hand in banks and other financial initiations, and other papers and documents of other individuals, partnerships, or corporations whose interests are now held by or under the direction, possession, custody, or control of the Receivership Estate;

(c) Institute such actions or proceedings to impose a constructive trust, obtain possession, and/or recover judgment with respect to persons or entities who received assets or records traceable to the Receivership Estate. All such actions shall be filed in this Court;

(d) Obtain, by presentation of this Order, documents, books, records, accounts, deposits, testimony, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled in a manner provided in Rule 45, Fed. R. Civ. P., or as provided

under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

(e)   Without breaching the peace and, if necessary, with the assistance of local peace officers or United States marshals to enter and secure any premises, wherever located or situated, in order to take possession, custody, or control of, or to identify the location or existence of, Receivership Estate assets or records;

(f)   Make such ordinary and necessary payments, distributions, and disbursements from the Receivership Estate as the Receiver deems advisable or proper for the marshaling, maintenance, or preservation of the Receivership Estate. Receiver is further authorized to contract and negotiate with any claimants against the Receivership Estate (including, without limitation, creditors) for the purpose of compromising or settling any claim. To this purpose, in those instances in which Receivership Estate assets serve as collateral to secured creditors, the Receiver has the authority to surrender such assets to secured creditors, conditional upon the waiver of any deficiency of collateral;

(g)   Perform all acts necessary to conserve, hold, manage, and preserve the value of the Receivership Estate, in order to prevent any irreparable loss, damage, and injury to the Estate;

(h)   Enter into such agreements in connection with the administration of the Receivership Estate, including, but not limited to, the employment of such managers, agents, custodians, consultants, investigators, attorneys, and accountants as Receiver judges necessary to perform the duties set forth in this Order and to compensate them from the Receivership Assets;

(i)   Institute, prosecute, compromise, adjust, intervene in, or become party to such actions or proceedings in state, federal, or foreign courts that the Receiver deems necessary and advisable to preserve the value of the Receivership Estate, or that the Receiver deems necessary

and advisable to carry out the Receiver's mandate under this Order and likewise to defend, compromise, or adjust or otherwise dispose of any or all actions or proceedings instituted against the Receivership Estate that the Receiver deems necessary and advisable to carry out the Receiver's mandate under this Order;

(j)  Preserve the Receivership Estate and minimize expenses in furtherance of maximum and timely disbursement thereof to claimants;

(k)  Promptly provide the United States Securities and Exchange Commission and other governmental agencies with all information and documentation they may seek in connection with their regulatory or investigatory activities;

(l)  Prepare and submit periodic reports to this Court and to the parties as directed by this Court; and

(m)  File with this Court requests for approval of reasonable fees to be paid to the Receiver and any person or entity retained by him and interim and final accountings for any reasonable expenses incurred and paid pursuant to order of this Court. Such fees and expenses shall be paid from the Receivership Estate.

6.  Upon the request of the Receiver, the United States Marshal's Office is hereby ordered to assist the Receiver in carrying out his duties to take possession, custody, or control of, or identify the location of, any Receivership Estate assets or records.

7.  Creditors and all other persons are hereby restrained and enjoined from the following actions, except in this Court, unless this Court, consistent with general equitable principals and in accordance with its ancillary equitable jurisdiction in this matter, orders that such actions may be conducted in another forum or jurisdiction:

(a) The commencement or continuation, including the issuance or employment of process, of any judicial, administrative, or other proceeding against the Receiver, any of the defendants, the Receivership Estate, or any agent, officer, or employee related to the Receivership Estate, arising from the subject matter of this civil action; or

(b) The enforcement, against the Receiver, or any of the defendants, of any judgment that would attach to or encumber the Receivership Estate that was obtained before the commencement of this proceeding.

8. Creditors and all other persons are hereby restrained and enjoined, without prior approval of the Court, from:

(a) Any act to obtain possession of the Receivership Estate assets;

(b) Any act to create, perfect, or enforce any lien against the property of the Receiver, or the Receivership Estate;

(c) Any act to collect, assess, or recover a claim against the Receiver or that would attach to or encumber the Receivership Estate; or

(d) The set off of any debt owed by the Receivership Estate or secured by the Receivership Estate assets based on any claim against the Receiver or the Receivership Estate.

9. Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them who receive notice of this Order by personal service or otherwise, including, but not limited to, any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm, and each of them, are hereby ordered, restrained, and enjoined from, directly or indirectly, making any payment or expenditure of any Receivership Estate assets that are owned by Defendants or in the actual or constructive possession of any entity directly or indirectly owned or controlled or under common control with the Receivership Estate, or effecting any sale, gift, hypothecation, assignment, transfer, conveyance, encumbrance, disbursement, dissipation, or concealment of such assets. A copy of this Order may be served on any bank, savings and loan, broker-dealer, or any other financial or depository institution to restrain and enjoin any such institution from disbursing any of the Receivership Estate assets. Upon presentment of this Order, all persons, including financial institutions, shall provide account-balance information, transaction histories, all account records and any other Receivership Records to the Receiver or his agents, in the same manner as they would be provided were the Receiver the signatory on the account.

10. Defendants, and their respective agents, officers, and employees and all persons in active concert or participation with them are hereby enjoined from doing any act or thing whatsoever to interfere with the Receiver's taking control, possession, or management of the Receivership Estate or to in any way interfere with the Receiver or to harass or interfere with the duties of the Receiver or to interfere in any manner with the exclusive jurisdiction of this Court over the Receivership Estate, including the filing or prosecuting any actions or proceedings which involve the Receiver or which affect the Receivership Assets or Receivership Records, specifically including any proceeding initiated pursuant to the United States Bankruptcy Code,

except with the permission of this Court. Any actions so authorized to determine disputes relating to Receivership Assets and Receivership Records shall be filed in this Court.

11.     Defendants, their respective officers, agents, and employees and all persons in active concert or participation with them who receive actual notice of this Order by personal service or otherwise, including any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm, and each of them shall:

(a)     To the extent they have possession, custody, or control of same, provide immediate access to and control and possession of the Receivership Estate assets and records, including securities, monies, and property of any kind, real and personal, including all keys, passwords, entry codes, and all monies deposited in any bank deposited to the credit of the Defendants, wherever situated, and the original of all books, records, documents, accounts, computer printouts, disks, and the like of Defendants to Receiver or his duly authorized agents;

(b)     Cooperate with the Receiver and his duly authorized agents by promptly and honestly responding to all requests for information regarding Receivership Assets and Records and by promptly acknowledging to third parties the Receiver's authority to act on behalf of the Receivership Estate and by providing such authorizations, signatures, releases, attestations, and access as the Receiver or his duly authorized agents may reasonably request;

(c)     Provide the Commission with a prompt, full accounting of all Receivership Estate assets and documents outside the territory of the United States which are held either: (1) by them, (2) for their benefit, or (3) under their control;

(d)     Transfer to the territory of the United States all Receivership Estate assets and records in foreign countries held either: (1) by them, (2) for their benefit, or (3) under their control; and

(e)     Hold and retain all such repatriated Receivership Estate assets and documents and prevent any transfer, disposition, or dissipation whatsoever of any such assets or documents, until such time as they may be transferred into the possession of the Receiver.

12.     Any financial institution, broker-dealer, investment adviser, private equity fund or investment banking firm or person that holds, controls, or maintains accounts or assets of or on behalf of any Defendant, or has held, controlled, or maintained any account or asset of or on behalf of any Defendant since January 1, 2006, shall:

(a)     Hold and retain within its control and prohibit the withdrawal, removal, assignment, transfer, pledge, hypothecation, encumbrance, disbursement, dissipation, conversion, sale, gift, or other disposal of any of the assets, funds, or other property held by or on behalf of any Defendant in any account maintained in the name of or for the benefit of any Defendant in whole or in part except:

(i)     as directed by further order of this Court, or

(ii)    as directed in writing by the Receiver or his agents;

(b)     Deny access to any safe deposit boxes that are subject to access by any Defendant; and

(c)     The Commission and Receiver may obtain, by presentation of this Order, documents, books, records, accounts, deposits, or other information within the custody or control of any person or entity sufficient to identify accounts, properties, liabilities, causes

of action, or employees of the Receivership Estate. The attendance of a person or entity for examination and/or production of documents may be compelled by the Commission or Receiver in a manner provided in Rule 45, Fed. R. Civ. P., or as provided under the laws of any foreign country where such documents, books, records, accounts, deposits, or testimony may be located;

13. The Defendants, their officers, agents, and employees and all persons in active concert or participation with them and other persons who have notice of this Order by personal service or otherwise, are hereby restrained and enjoined from destroying, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner, directly or indirectly, any contracts, accounting data, correspondence, advertisements, computer tapes, disks or other computerized records, books, written or printed records, handwritten notes, telephone logs, telephone scripts, receipt books, ledgers, personal and business canceled checks and check registers, bank statements, appointment books, copies of federal, state, or local business or personal income or property tax returns, and other documents or records of any kind that relate in any way to the Receivership Estate or are relevant to this action.

14. The Receiver is hereby authorized to make appropriate notification to the United States Postal Service to forward delivery of any mail addressed to the Defendants, or any company or entity under the direction and control of the Defendants, to himself. Further, the Receiver is hereby authorized to open and inspect all such mail to determine the location or identity of assets or the existence and amount of claims.

15. Nothing in this Order shall prohibit any federal or state law enforcement or regulatory authority from commencing or prosecuting an action against the Defendants their agents, officers, or employees.

So Ordered and signed, this 21st day of April 2009.

_____
UNITED STATES DISTRICT JUDGE